UNITED STATES, Appellee,

v.

Sergeant Moyna M. ALI, SSN 073–50–4008, United States Army, Appellant.

CM 440672.

U. S. Army Court of Military Review.

25 Feb. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. De-Busk, JAGC, and Captain Gary L. Hoffman, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, JJ.

### OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was convicted of two acts of forcible sodomy and was sentenced to a bad-conduct discharge, total forfeitures, and reduction to the lowest enlisted grade. The convening authority reduced the forfeitures to $334.00 pay per month for six months and otherwise approved the sentence.

Private First Class Roger Mitchell, who was the appellant's roommate, testified that on two occasions approximately a week apart he awoke to find the appellant committing an act of oral sodomy on him. Each time, Mitchell went to the charge of quarters and prepared a handwritten statement concerning the incident. He also had the charge of quarters make an entry in his log to the effect that he wished to see the first sergeant the following day. The first statement made its way through channels to Captain Clark C. Hall, the company commander. Captain Hall kept the statement for two or three weeks and then destroyed it. He explained that he did this because by then the criminal investigators had taken a statement from Mitchell which was "substantially the same" as the one he threw away.[1] Captain Hall stated further that at this time charges had not been preferred but were contemplated. Captain Hall did not receive the second Mitchell statement, the whereabouts of which was unknown at the time of trial.

At trial, the defense made a motion *in limine* to suppress Mitchell's testimony, contending that the loss and destruction of the statements constituted a violation of the Jencks Act (18 U.S.C. § 3500). The judge held that the statements fell within the Act but denied the motion on the grounds that there was no design to deprive the defense of the benefit of the statement and there was no substantial deviation between the two statements and the subsequent statement made to the criminal investigators. The appellant contends that the judge erred in failing to suppress the testimony and urges us to set aside the findings and dismiss the charges.

■ The Government, on the other hand, asserts that as the statements were not in the possession of the United States within the meaning of the Act, the findings need not be disturbed.[2] The Government's position essentially is that only those statements in the possession of the prosecutorial arm of the federal government fall within the purview of Jencks. This interpretation is correct so long as it is read to include

---

1. Private Mitchell testified that both statements were substantially the same as the one he made to the criminal investigators.

2. Jencks applies only to a "statement ... of [a] witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). Such statements must be made available to the defense after the witness has testified for the Government.

investigative personnel. *See, e.g., United States v. Dansker,* 537 F.2d 40, 61 (3d Cir. 1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); *Augenblick v. United States,* 377 F.2d 586, 597, 180 Ct.Cl. 131 (1967), *rev'd on other grounds,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). *See also United States v. Bryant,* 439 F.2d 642, 650 (D.C.Cir.1971), where the Court concluded that the "duty of disclosure affects not only the prosecutor, but the Government as a whole, including its investigative agencies."

■ A company commander, albeit not a prosecutor, has certain investigative responsibilities. Thus, paragraph 32*b,* of the Manual for Courts-Martial, United States, 1969 (Revised edition), provides that the officer exercising immediate jurisdiction under Article 15 of the Code, upon receiving information that a member of his command may have committed an offense, will conduct or cause to be conducted a preliminary inquiry. The inquiry is usually informal but may "involve a more extensive investigation and the collection of evidence." *Id.* A company commander may be—and in the instant case was—the accuser. His inquiry in many, if not most cases, constitutes the initial stage in the prosecution of an accused's case. We conclude that Captain Hall received the statement in his investigatory role.[3] Accordingly, we hold that Mitchell's first statement was "in the possession of the United States" within the meaning of Jencks when it was destroyed by Captain Hall.[4]

■ We reach a different conclusion as to the second statement. Although a charge of quarters is in a sense the representative of the company commander, we believe the relationship is too tenuous to categorize him as an investigator. In the instant case, he was at best only a conduit. Accordingly, we hold that the second statement was not within the Jencks Act.

■ We turn then to a consideration of whether the appellant was harmed by the destruction of the first statement.[5] The standard to be employed here is the one we adopted in *United States v. Bosier,* 12 M.J. 1010 (ACMR 1982), viz., " 'weigh the degree of negligence or bad faith involved, the importance of the evidence lost, and the evidence of guilt adduced at trial in order to come to a determination that will serve the interests of justice.' " (citing *United States v. Bryant, supra* at 653.)

We are satisfied that Captain Hall did not act in bad faith in destroying the document. He testified that he was not aware of his duties under Jencks, and he did not act to "conceal impeaching or exculpatory evidence" from the defense. *United States v. Carrasco,* 537 F.2d 372, 376 (9th Cir. 1976). His actions were motivated by the fact that the victim had made another statement to the criminal investigators which was substantially the same as the first statement. Mitchell also testified to the similarity of the statements. We are convinced that both Captain Hall and Private Mitchell testified truthfully in this regard. True, the only direct evidence of guilt came from the victim. However, under the circumstances, the initial statement would have had little value to the defense for impeachment purposes. Accordingly, we conclude that the appellant was not

---

3. This is not to say that a commander's actions always fall into the category of investigations. For example, he is empowered to authorize a search so long as he operates as the functional equivalent of a neutral and detached magistrate. *See United States v. Ezell,* 6 M.J. 307 (CMA 1979). But as the Court noted in *Ezell* at 317: "Indeed, it is clear that military commanders have statutory and Manual authority to perform many functions that are properly classified as law enforcement in nature." *See United States v. Dowell,* 10 M.J. 36 (CMA 1980).

4. In an unpublished opinion, another panel of this Court came to a contrary conclusion. *United States v. Woodard,* CM 439977 (ACMR 29 May 1981), *pet. denied,* 12 M.J. 75 (CMA 1981).

5. Jencks applies even though the statements no longer exist. *See United States v. Bosier,* 12 M.J. 1010 (ACMR 1982).

prejudiced by the destruction of the statement.

At trial, the Government over objection introduced evidence of two previous acts of sodomy upon fellow soldiers under similar circumstances as tending to show modus operandi.[6] Rule 404(b) of the Military Rules of Evidence provides in this regard that although other criminal acts may not be introduced to show that an accused acted in conformity therewith, they are admissible for other purposes such as proof of plan, motive or intent. The judge admitted the evidence as tending to show modus operandi. He specifically found that the probative value of the evidence outweighed any danger of prejudice and properly instructed the court on the limited purpose of the evidence. We find no error.[7]

We are satisfied that Private Mitchell was a credible witness and we are convinced beyond a reasonable doubt that the evidence supports the findings of guilty.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE concurs.

FOREMAN, Judge, concurring in the result:

I do not agree that the statement which Private First Class Mitchell gave to Captain Hall was "in the possession of the United States" within the meaning of the Jencks Act.

The Jencks Act applies only to materials in the possession of the prosecutorial arm of the United States. The Congressional intent in this regard was made clear when Congress deleted the reference to statements made "to an agent of the Government," and left only statements "in the possession of the United States." *See* Public Law 91–452, 15 October 1970, 84 Stat.

926; *see also United States v. Calley,* 46 C.M.R. 1131, 1191–92 (ACMR), *affirmed,* 22 U.S.C.M.A. 534, 48 C.M.R. 19 (CMA 1973).

While Captain Hall had a duty to conduct a preliminary inquiry or cause one to be conducted after he received Mitchell's complaint, his responsibility to do so was more magisterial than prosecutorial. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 32*b*. In my view, Captain Hall did not become a part of the prosecutorial arm of the United States because he did not involve himself in the investigation of the reported crime. *See United States v. Trevino,* 556 F.2d 1265 (5th Cir. 1977) (document in possession of probation officer not covered by Jencks Act); *accord, United States v. Dansker,* 537 F.2d 40, 61 (3d Cir. 1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). *Cf., United States v. Ezell,* 6 M.J. 307 (CMA 1979) (military commander may remain "neutral and detached" for purpose of issuing search authorization so long as he does not become personally involved in investigative activity). Captain Hall did nothing, because he knew that Mitchell already had reported the incident to the Criminal Investigation Division. Accordingly, since I conclude that Mitchell's statement was not "in the possession of the United States," I find no Jencks Act violation and no need to test for prejudice. Since I find the assigned error without merit, I join in affirming the findings and sentence.

---

**6.** At trial, the prosecutor also contended the evidence was admissible to demonstrate that the acts were not the result of accident. The military judge correctly rejected this esoteric rationale.

**7.** We believe that the evidence is admissible for another reason. During cross-examination of Mitchell, the defense insinuated that Mitchell, not the appellant, was the moving force. The evidence of previous acts where the appellant was the instigator tends to rebut that insinuation and is therefore admissible. (The appellant later testified that Mitchell solicited him to engage in sodomy.)