UNITED STATES, Appellee,

v.

Specialist Five Russel HANCOCK, SSN
125–40–7360, United States
Army, Appellant.

CM 441202.

U. S. Army Court of Military Review.

17 Nov. 1982.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Major Raymond C. Ruppert, JAGC,
Captain Chuck R. Pardue, JAGC, and Major
Robert C. Rhodes, JAGC, were on the
pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant
Colonel John T. Edwards, JAGC, Captain
Kenneth H. Clevenger, JAGC, and Captain
David H. Johnson, JAGC, were on the
pleadings for appellee.

Before O'DONNELL, FOREMAN and
WERNER, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was
convicted of indecent assault and dereliction
of duty in violation of Articles 134 and 92,
Uniform Code of Military Justice, 10 U.S.C.
§§ 934 and 892 (1976). His approved sen-
tence provides for a bad-conduct discharge,
confinement at hard labor for twelve
months, total forfeitures and reduction to
Private E–1.

The appellant was a medical corpsman on
duty at a military hospital. He allegedly
committed the indecent assault by placing
his hand near a female patient's vagina
under the pretense of conducting a physical
examination. The victim, complaining of
stomach pains, had come to the emergency
room when the appellant was on duty. The
appellant testified that in an effort to make
a preliminary diagnosis as part of the triage
process, he palpated her abdomen. As he
understood his duties, he did not believe
that he was prohibited from palpating a
patient. The principal factual issue at the
trial was whether the appellant touched the
victim to gratify his sexual desires or to
make a medical diagnosis.

Over defense objection, the prosecution presented evidence that in May 1977 the appellant had been indicted by the civil authorities on a charge of rape. For reasons unknown, the charge had been amended to allege assault, a misdemeanor, to which the appellant had pleaded guilty. The military judge received the evidence as relevant to the issue of the appellant's intent. The appellant now contends that the military judge erred. We agree and reverse.

 Evidence of uncharged misconduct is admissible to prove intent. Mil.R.Evid. 404(b); *see United States v. Ali,* 12 M.J. 1018, 1021 (A.C.M.R.), *pet. denied,* 13 M.J. 476 (C.M.A.1982); *United States v. Anderson,* 9 M.J. 530 (A.C.M.R.), *aff'd,* 9 M.J. 280 (C.M.A.1980) (summary disposition). The replacement of paragraph 138*g* of the Manual for Courts-Martial, United States, 1969 (Revised edition), by Mil.R.Evid. 404(b) made no substantial change in the law. *See* Analysis of the Military Rules of Evidence, Appendix 18, Manual for Courts-Martial, United States, 1969 (Revised edition) at A18–61. However, in order for evidence of uncharged misconduct to be admissible, there must be a nexus in time, place and circumstance between the offense charged and the uncharged misconduct; the evidence of uncharged misconduct must be plain, clear and conclusive; and its probative value must outweigh its potential prejudicial impact. *United States v. Janis,* 1 M.J. 395 (C.M.A.1976); Mil.R.Evid. 403; *see United States v. Johnson,* 634 F.2d 735 (4th Cir.1980), *cert. denied,* 451 U.S. 907, 101 S.Ct. 1974, 68 L.Ed.2d 295 (1981); *United States v. Beechum,* 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). In this case there is no nexus in time, place and circumstance. There was no showing that the circumstances of the civilian conviction were in any way similar to the offenses before the court-martial. The factual circumstances surrounding the indictment for rape were not shown nor were the circumstances of the assault to which the appellant pleaded guilty. The civilian conviction occurred more than three and a half years prior to the offenses before the court-martial. *See United States v. Beechum,* 582 F.2d at 915 ("[T]emporal remoteness depreciates the probity of the extrinsic evidence."). Under the circumstances of this case, we believe that the potential prejudicial impact of the evidence of an indictment for rape far outweighs its dubious probative value. Mil.R.Evid. 403.

The findings of guilty of Charge I and its specification are set aside. The findings of guilty of Charge II and its specification are affirmed. The sentence is set aside. A rehearing may be ordered by the same or different convening authority.

Senior Judge O'DONNELL and Judge WERNER concur.