**UNITED STATES**

v.

**Michael L. WALKER, 323 48 0590, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 79 0238.**

U. S. Navy Court of Military Review.

Sentence Adjudged 1 Sept. 1978.

Decided 9 Aug. 1979.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before BAUM, PRICE and MICHEL, JJ.

PER CURIAM:

Appellant has assigned two errors; however, only one need be addressed inasmuch as it raises the question whether the case is properly before this Court for review.

Appellant has challenged the propriety of the action by the general officer who approved the sentence. In his action that officer stated, "I am taking both the initial action and the supervisory authority's action due to the overseas deployment of the convening authority with Battalion Landing Team, 3d Battalion, 3d Marine Regiment." There is no indication in the record that the convening authority either requested such action or that he considered overseas deployment such as to render it impracticable for him to act in the case. The staff judge advocate, in his review, simply said that the general court-martial authority could take initial action pursuant to paragraph 84c, *Manual for Courts-Martial, 1969 (Rev.)* because the convening authority was currently deployed overseas.

Appellant argues that there must be some showing of why it was impracticable for the convening authority to act in the case. In this regard appellant notes that the case was tried on 1 September 1978, the staff judge advocate completed his review on 19 October 1978 and the general court-martial authority acted on 20 December 1978. Appellant argues that certainly the convening authority, even as deployed, could have acted within that time frame, and that the failure of the convening authority to act on this case has resulted in prejudice because it is reasonable to assume that the commanding officer of the battalion would have lent more credence to his company commander's trial recommendation against a bad-conduct discharge than would have a commanding general who is unfamiliar with that particular officer's judgment.

Paragraph 84c, *Manual for Courts-Martial, 1969 (Rev.)* provides for review by a general court-martial authority in place of the convening authority when "it is impracticable for the person who convened the court . . . to take initial action upon a record of trial . . . ." That paragraph further provides that in such cases the convening authority will forward the record to a general court-martial officer by letter of transmittal with a statement of the reasons for not acting. This procedure ensures that it is the officer convening the court who voluntarily relinquishes his authority to act on the case for good cause, rather than higher authority appropriating the case for action on his own initiative and possibly against the wishes of the convening authority.

We believe it was error not to follow the procedure outlined in the *Manual*. Furthermore, such an error in this case was prejudicial to the rights of the accused, since it is at the convening authority's level where the accused has "his first and perhaps best opportunity to have his sentence tempered by mercy and to obtain an additional chance to prove his worth to his service, and his country." *United States v. Wise,* 6 U.S.C.M.A. 472, 476, 20 C.M.R. 188, 192 (1955); *United States v. Vara,* 8 U.S.C.M.A. 651, 653, 25 C.M.R. 155, 157 (1958); *United States v. D'Aiello,* 5 M.J. 687, 688 (N.C.M.R.1978). Prejudice is apparent in this case, where the appellant's company commander recommended against a punitive discharge and asked for appellant's return to duty. In addition, the military judge recommended to the convening authority that he suspend the bad-conduct discharge, an action that the convening authority was never permitted to consider or implement.

For the foregoing reasons, the action by the general court-martial authority is set aside. The record is returned for action by a convening authority and a supervisory authority or, if action by the convening authority is not practicable, then compliance with the *Manual for Courts-Martial* before action is taken by a general court-martial authority.