## UNITED STATES

v.

**Lonnie J. MURRAY, 008 58 5258, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 83 1826.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 16 Dec. 1982.

Decided 22 Aug. 1983.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LT Kathleen P. McTighe, JAGC, USNR, Appellate Defense Counsel.

LT Anita M. Fulton, JAGC, USNR, Appellate Government Counsel.

Before EOFF, Senior Judge, and GORMLEY and KERCHEVAL, JJ.

PER CURIAM:

Appellant was convicted, pursuant to his pleas, by a military judge at a special court-martial of five specifications of unauthorized absence, totaling over 11 months, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. He was sentenced to 4 months confinement at hard labor, forfeiture of $325.00 pay per month for 5 months, reduction to the lowest enlisted pay grade and a bad-conduct discharge. The convening authority approved the findings and sentence, except for the confinement at hard labor which he reduced to 45 days in conjunction with a pretrial agreement. The supervisory authority approved the convening authority's action without modification.

Appellant challenges the military judge's decision to deny his motion for appropriate relief, in which he sought administrative credit for illegal pretrial confinement. Specifically, appellant relies on the Court of Military Appeals' decision in *United States v. Bruce,* 14 M.J. 254 (C.M.A.1982), by asserting that commingling him, as a pretrial detainee, with sentenced prisoners in the

confinement facility amounted to punishment in advance of trial in violation of Article 13, UCMJ, 10 U.S.C. § 813. The Government's response, in addition to refuting appellant's commingling argument, cites appellant's signing of a waiver form in which he agreed to work alongside sentenced prisoners.

The waiver form which appellant was required to sign to be "fully integrated into the Corrections Program with sentenced prisoners" was overbroad. It included activities to which appellant could be lawfully assigned without resort to a waiver. According to the SECNAV Instruction in force at the time, a pretrial detainee, along with sentenced prisoners, could be required to participate in the following activities:

(1) To classroom instruction and other training activities, not designed as punitive.

(2) To various police, fatigue, and work details which may be assigned to duty personnel in the maintenance and operation of the command, and which are not devised as punitive.

Article 404.3.d(1, 2), SECNAVINST 1640.9 (19 June 1972). A waiver was required only for unrestricted participation by pretrial detainees in the "full rehabilitative work program." Article 404.3.d(3), id. This distinction was made clear in the required format for the waiver form. Appendix A–9, id. Additionally, the waiver which appellant signed preconditioned full integration into the "Corrections Program" upon the execution of the waiver form. This is not a condition contained within the required format. It can easily be construed to condition appellant's participation in nonwork-related corrections programs, such as recreational, educational and religious programs, upon his agreement to work with

sentenced prisoners on work details outside of the confinement facility.

A fair conclusion to be drawn from the agreement was that appellant's failure to execute the waiver would result in his not being allowed to do anything except remain idle in his living space, which is contrary to the intent of the "employment" provision of Article 404.3, id.[1]

■ Strict compliance with the agreement which appellant signed would have violated SECNAVINST 1640.9 and subjected appellant to illegal conditions of pretrial confinement which would have warranted relief by this Court. As such it was an illegal agreement. Our review of the evidence submitted at trial, however, leads us to the conclusion that appellant suffered no actual prejudice from entering into the agreement. He was never required to participate in work details outside the confinement facility, his work within the confinement facility was nonpunitive and related to a legitimate command purpose, and his access to recreational and educational programs, etc. was the same as that of other prisoners.

■ We do not find any intent to punish appellant based upon the actions of the correctional facility personnel, nor are we of the opinion that *mere* commingling of appellant with sentenced prisoners in nonpunitive activities constitutes punishment. *See Thacker v. United States,* Misc. Docket No. 83–05 16 M.J. 841 (NMCMR 1983).

■ We further find that appellant's sentence is appropriate in relation to his offenses and that he was not prejudiced by a failure to personally view his record of trial prior to the convening authority's action. Accordingly, the findings and sentence as approved on review below are affirmed.

1. At trial, appellant testified that, during the brig indoctrination phase, one of the noncommissioned officers at the brig told him to "either sign (the waiver) and go to a regular dorm or we could not sign the paper and be put in (a disciplinary segregation) cell." A fellow Marine inmate testified to receiving the same instructions. True, or not, it reflects a misper-

ception among some inmates and corrections personnel. We strongly emphasize that there is no relationship between the decision to sign the waiver and the billeting of inmates. *See* Article 506.3–.5, SECNAVINST, *supra.* We find no need, however, to make a finding in this instance, since appellant suffered no actual prejudice from entering into the agreement.