### UNITED STATES

v.

**Brian M. LAMBERT, 314 72 1644, Private (E-1), U.S. Marine Corps.**

**NMCM 83 2171.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 17 Jan. 1983.

Decided 28 Sept. 1983.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LCDR Claude P. Goddard, JAGC, USN, Appellate Defense Counsel.

LT Sandra R. Ganus, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

GLADIS, Senior Judge:

Charged with unauthorized absence and larceny of a motor vehicle in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, the accused pled guilty at his general court-martial bench trial to unauthorized absence and wrongful appropriation of the vehicle. He was found guilty in accordance with his pleas of the absence and, contrary to his pleas, of larceny of the motor vehicle. The military judge sentenced him to a dishonor-

able discharge, confinement at hard labor for 2 years, and total forfeitures. The convening authority approved the sentence.

The accused assigns the following errors:

I

PREJUDICIAL ERROR OCCURRED WHEN THE CONVENING AUTHORITY FAILED TO COMPLY WITH THE PRETRIAL AGREEMENT (APPELLATE EXHIBIT I; CONVENING AUTHORITY'S ACTION).

II

THE GENERAL COURT–MARTIAL ORDER ERRONEOUSLY STATES THE SENTENCE WAS ADJUDGED ON 17 JANUARY 1983 WHEN THE SENTENCE WAS ADJUDGED ON 22 DECEMBER 1982.

III

THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE ADMITTED INTO EVIDENCE, OVER DEFENSE OBJECTION, PROSECUTION EXHIBIT 3, A RECORD OF A PRIOR COURT–MARTIAL CONVICTION, UNDER M.R.E. 404(b) TO SHOW INTENT, IN THE ABSENCE OF A SHOWING OF A NEXUS BETWEEN THE CIRCUMSTANCES OF THE CHARGED OFFENSE AND THE UNCHARGED MISCONDUCT (R. 38–39). *United States v. Hancock*, 14 M.J. 998 (A.C.M.R.1982).

IV

THE MILITARY JUDGE ERRED WHEN HE DENIED APPELLANT'S MOTION FOR APPROPRIATE RELIEF IN THE FORM OF DAY FOR DAY ADMINISTRATIVE CREDIT FOR 56 DAYS OF ILLEGAL CONFINEMENT. THE FINDING OF THE MILITARY JUDGE WAS BASED ON A CONCLUSION THAT A WAIVER OF APPELLANT'S RIGHT TO BE SEGREGATED FROM SENTENCED PRISONERS WAS PROPER AND AUTHORIZED; HOWEVER, SUCH A WAIVER IS NOT AUTHORIZED. *See United States v. Bruce*, 14 M.J. 254 (C.M.A.1982); *United States v. Bayhead*, 6 U.S.C.M.A. 762, 21 C.M.R. 84 (1956).

V

PROSECUTION EXHIBIT 88 [sic] [11], A PAGE 11 ENTRY FROM THE SERVICE RECORD BOOK OF APPELLANT, WAS IMPROPERLY ADMITTED INTO EVIDENCE DURING THE SENTENCING PORTION OF THE TRIAL, OVER DEFENSE OBJECTION (R. 49–50), SINCE THERE WAS NO INDICATION IN THE RECORD THAT APPELLANT WAS OFFERED AN OPPORTUNITY TO MAKE A STATEMENT REGARDING THE ENTRY ON THE EXHIBIT. *United States v. Shelwood*, 15 M.J. 222 (C.M.A.1983).

VI

PREJUDICIAL ERROR OCCURRED WHEN THE MILITARY JUDGE ADMITTED INTO EVIDENCE, DURING THE SENTENCING PORTION OF THE TRIAL, PROSECUTION EXHIBIT 12, A RECORD OF A CIVILIAN CONVICTION, WHEN THAT EXHIBIT WAS INADMISSIBLE BECAUSE THE OFFENSE EVIDENCED OCCURRED MORE THAN SIX YEARS PRIOR TO THE COMMISSION OF THE OFFENSE IN THIS CASE. PARAGRAPH 75k (3)(a), *MANUAL FOR COURTS–MARTIAL, UNITED STATES,* 1969 (REVISED).

Finding merit in Assignments I, II, and III and rejecting the remaining assignments, we modify the findings and sentence.

I

■ The sentence included a dishonorable discharge and confinement at hard labor for 2 years. The pretrial agreement required mitigation of the dishonorable discharge to a bad-conduct discharge and disapproval of confinement in excess of 12 months. The "cut and paste" staff judge advocate's review contained a "boiler plate"

recommendation taken from a special court-martial review that the sentence as approved by the convening authority be approved. In accordance with this advice the convening authority approved the sentence. We shall reduce the sentence in order to remedy the error.

## II

The court-martial order error identified by the accused may be remedied by a corrected court-martial order.

## III

The accused was charged with larceny of a rental car. He pleaded guilty to wrongful appropriation. Over defense objection the military judge, citing Military Rules of Evidence (MRE) 404(b), admitted evidence of a prior special court-martial conviction for larceny of an auto offered as evidence of a plan or scheme in order to prove intent. At the earlier prior court-martial the accused had also pleaded guilty to wrongful appropriation, but been convicted of larceny. The vehicle was the property of a fellow Marine. The offense occurred about 6 months before the current offense.

 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. MRE 404(b). This rule is substantially similar to the old rule in paragraph 138*g*, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). Analysis, MRE 404, MCM, A 18–61. In addition to relevance, there are three prerequisites for admissibility of evidence of uncharged misconduct under the rule. *United States v. Janis,* 1 M.J. 395 (C.M.A.1976). First, there must exist a nexus in time, place, and circumstance between the offense charged and the uncharged misconduct. Second, the evidence of uncharged misconduct must be plain, clear, and conclusive. Third, the pro-

bative value of the evidence must outweigh its potential prejudicial impact. *Id.* We do not find the evidence of uncharged misconduct to be relevant to intent under the circumstances of this case. The necessary nexus in circumstance has not been established. The charged offense involved the wrongful withholding of a rental vehicle. The uncharged misconduct involved the vehicle of another Marine. We do not know whether it was a wrongful taking or a wrongful withholding. Contrary to the assertion of trial counsel there is no evidence of a plan or scheme. Therefore, admission of the prior special court-martial conviction was error. We cannot say that this evidence did not affect the findings and, therefore, cannot conclude that the accused was not prejudiced.[1] We shall modify the findings in order to cure the error.

## IV

 The accused contends that the military judge erred when he denied the defense motion for credit for illegal pretrial confinement. After signing a waiver the accused was integrated with sentenced prisoners. He worked with sentenced prisoners and was treated in the same way. The waiver form signed by the accused was the same as the form found to be invalid in *United States v. Murray,* 16 M.J. 914 (N.M. C.M.R.1983). In *Murray* the Court found no prejudice because the accused was never required to participate in work details outside the confinement facility, his work within the facility was nonpunitive and related to a legitimate command purpose, and his access to recreational educational programs was the same as that of other prisoners. Unlike Murray the accused participated in work details with sentenced prisoners outside the confinement facility. There is no evidence, however, that the accused was subject to confinement at hard labor or any other sanction traditionally imposed upon a sentenced prisoner. Apparently the work details he participated in consisted of routine maintenance. We do not find the conditions of the accused's pretrial confinement

---

1. The military judge also erroneously admitted other evidence of uncharged misconduct.

**604**

to be so onerous as to constitute a violation of Article 13, UCMJ, 10 U.S.C. § 813. *See Thacker v. Commander,* 16 M.J. 841 (N.M.C. M.R.1983). Therefore, the accused is not entitled to relief.

### V AND VI

The accused did not object at trial to Prosecution Exhibits 11 and 12 on the grounds he now advances. We find the current objection to have been waived. MRE 103(a). *Also see United States v. Shelwood,* 15 M.J. 222, n. 1 (C.M.A.1983).

Accordingly, a corrected court-martial order showing that the sentence was announced on 22 December 1982 must be issued by the convening authority. Only so much of the finding of guilty of the specification of Charge II is affirmed as finds that the accused did at the time and place alleged, wrongfully appropriate the property described, of the value and ownership alleged. The remaining findings of guilty and, upon reassessment, only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for 10 months, and total forfeitures, are affirmed.

Judge BYRNE and Judge GARVIN concur.