763

UNITED STATES

v.

Thomas L. ALEXANDER, 466 43 1797,
Private (E–1), U.S. Marine Corps.

NMCM 83 3428.

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 14 Jan. 1983.
Decided 30 Dec. 1983.

LCDR Richard K. Delmar, JAGC, USNR,
Appellate Defense Counsel.

LT Louis F. Sadler, JAGC, USNR, Appellate Defense Counsel.

LT William C. Little, Jr., JAGC, USNR,
Appellate Government Counsel.

Before GORMLEY, KERCHEVAL and
LECORNU, JJ.

LECORNU, Judge:

Based upon mixed pleas at a special
court-martial bench trial, appellant was
found guilty of wrongful appropriation of
a .45 caliber pistol, transfer and sale of one
gram of cocaine, and a separate possession
of .69 grams of cocaine, in violation of
Articles 121, 10 U.S.C. § 921 and 134, 10

U.S.C. § 934, Uniform Code of Military Justice (UCMJ). He was sentenced to three months confinement at hard labor, forfeiture of $300.00 pay per month for three months and a bad-conduct discharge. The supervisory authority, in the absence of the deployed convening authority, approved the findings and the sentence, but reduced the confinement at hard labor to 45 days in accordance with a pretrial agreement. Appellant has assigned four errors:

## I.

THE APPELLANT WAS ERRONEOUSLY DENIED ADMINISTRATIVE CREDIT FOR THE 36 DAYS OF PRETRIAL CONFINEMENT THAT HE SERVED PRIOR TO TRIAL.

## II.

ERROR PREJUDICIAL TO THE APPELLANT'S SUBSTANTIAL RIGHTS OCCURRED WHEN THE MILITARY JUDGE REFUSED, AFTER REPEATED DEFENSE REQUESTS, TO STRIKE THE TESTIMONY OF PETTY OFFICER HUFFMAN, GIVEN ON DIRECT EXAMINATION, AFTER PETTY OFFICER HUFFMAN REPEATEDLY INVOKED HIS FIFTH AMENDMENT RIGHTS DURING CROSS–EXAMINATION BY THE TRIAL DEFENSE COUNSEL (CITATIONS OMITTED). THIS ERROR WAS FURTHER COMPOUNDED BY THE FAILURE OF THE REVIEWING AUTHORITY TO TAKE REMEDIAL ACTION ON THE FINDINGS OR GRANT SENTENCE RELIEF WHEN HE WAS ADVISED, BY THE SJA, OF THE MILITARY JUDGE'S ERROR (CITATION OMITTED).

## III.

SINCE THE RECORD OF TRIAL DOES NOT CONTAIN A TRANSMITTAL LETTER FROM THE CONVENING AUTHORITY EITHER REQUESTING THE SUPERVISORY AUTHORITY TO TAKE INITIAL ACTION ON THE RECORD OF TRIAL OR SHOWING THAT THE CONVENING AUTHORITY CONSIDERED IT IMPRACTICABLE FOR HIM TO ACT IN THE CASE *SUB JUDICE*, IT WAS ERROR, PREJUDICIAL TO THE APPELLANT'S SUBSTANTIAL RIGHTS, FOR THE SUPERVISORY AUTHORITY TO TAKE BOTH THE INITIAL AND SUPERVISORY AUTHORITY'S ACTION ON THE CASE *SUB JUDICE* (CITATIONS OMITTED).

## IV.

IN LIGHT OF THE FACT THAT THE TRANSFER AND SALE OF COCAINE (SPECIFICATIONS 2 AND 1 OF ADDITIONAL CHARGE III) OCCURRED SIMULTANEOUSLY, THE MILITARY JUDGE AND SUPERVISORY AUTHORITY ERRED BY NOT DISMISSING SPECIFICATION 2 OF ADDITIONAL CHARGE III (TRANSFER) AS BEING DUPLICATIVE AND UNREASONABLY MULTIPLICIOUS FOR FINDINGS PURPOSES WITH SPECIFICATION 1 OF ADDITIONAL CHARGE III (SALE) (CITATIONS OMITTED).

Appellant's first assignment of error rests on two separate grounds. First, it is contended that the military judge erred by denying the defense motion for appropriate relief in the form of administrative credit for time served in illegal pretrial confinement. Secondly, appellant urges that even if the pretrial confinement was lawful the military judge and the supervisory authority erred by not granting appellant day-for-day credit for the time served.

Turning to the first prong of the assignment, we note that the essential facts are not in dispute. Appellant was placed in pretrial confinement in the Camp Pendleton Correctional Facility on 10 December 1982, and remained in this status until the conclusion of his trial thirty-six days later. On 13 December 1982, following a period of indoctrination, appellant executed a standard waiver form prepared locally and modeled after the sample form depicted in Appendix A–9 of the Navy Corrections Manual, SEC-

NAVINST 1640.9 of 19 June 1972. By this waiver, appellant acknowledged understanding the rights and disabilities attendant to his status as a pretrial detainee. He also agreed to work alongside sentenced prisoners, including details outside the correctional facility, in exchange for the opportunity to participate fully in the Corrections Program. The waiver form does not elaborate on the nature and scope of the program. A comprehensive description of its goals and the means employed to attain them is set forth in the Confinee Rules and Regulations, Camp Pendleton Correctional Facility Order P1640.1N, dated 25 August 1981. Appellant's unrebutted testimony at trial sheds light on his understanding of the waiver form and the consequences of not signing it. According to his testimony, appellant believed that if he refused to sign the waiver he would be placed in an isolated living space and denied library, recreational, and outside working privileges available to other confinees, including detainees who had executed the waiver. According to appellant, this belief was based on the explanation he received from one of the custodial personnel. After signing the form, appellant was fully integrated into the general prisoner population. He lived, worked, and subsisted with both adjudged and sentenced prisoners, observed the same daily schedule, and abided by the same regulations and controls.

The trial judge specifically found that the waiver was involuntary and in contravention of article 505.6 of the Navy Corrections Manual because it conditioned receipt of privileges upon appellant's agreement to work alongside sentenced prisoners. The judge concluded, however, that the conditions of pretrial confinement suffered by appellant were not so onerous as to constitute a violation of Article 13, UCMJ, 10 U.S.C. § 813. He, therefore, denied the defense motion for appropriate relief. Before this court, appellant urges that the judge erred in concluding that he was not subjected to punishment in violation of Article 13.

We agree that the waiver appellant signed was invalid. It is of the same type that this Court declared illegal in *United States v. Murray*, 16 M.J. 914 (N.M.C.M.R. 1983). Like the Court in *Murray*, we find the instant waiver invalid because of its overbreadth. It conditions the pretrial detainee's full participation in the Corrections Program upon his written agreement to commingle and to work with sentenced prisoners. This goes considerably beyond the agreement contemplated by the Navy Corrections Manual under which the pretrial detainee agrees in writing to participate in the full rehabilitation work program, which may include commingling and working with sentenced prisoners outside the facility. The waiver presented to appellant could be interpreted to mean that access to recreational and other rehabilitative activities would be denied unless he signed it. We hold the form to be invalid on its face. Moreover, in view of appellant's understanding at the time of its execution, the waiver could hardly be considered voluntary.

Our conclusion that the instant waiver was defective is not premised on Article 13, UCMJ. To be sure, if appellant had refused to sign the document and, as a result, had been subjected to punitive deprivations, Article 13 would have been violated. But this is not the situation before us. The waiver appellant signed is invalid because it does not conform with the policy established by the Secretary of the Navy in the Corrections Manual. The Secretary has determined that a pretrial detainee can be required to work alongside sentenced prisoners if he knowingly and voluntarily agrees to do so in writing. The Secretary also prescribed the format for such a written agreement. We find nothing in the language of this model waiver to suggest that Article 13 rights are at stake. The detainee who signs such a waiver form is not agreeing to perform hard labor or accept punishment prior to trial. He is simply agreeing to commingle and work with sentenced prisoners under non-punitive conditions. These activities, in and of themselves, are not violative of Article 13.

Thus, we find it unnecessary to address the government's contention that a pretrial detainee can effectively waive Article 13 protection against pretrial punishment. That issue is not present in this case.[1]

Ordinarily, it would be incumbent upon us at this stage to determine whether the conditions of pretrial confinement to which appellant was subjected after signing the waiver were so onerous as to constitute punishment in violation of Article 13, UCMJ. *Thacker v. United States,* 16 M.J. 841 (N.M.C.M.R.1983). We need not undertake this analysis, in the instant case, however, because of the facial illegality of appellant's waiver. Conceding the absence of improper motive on the part of correctional facility officials, it is unmistakably clear that appellant involuntarily agreed to do something that the Secretary of the Navy has expressly stated a pretrial detainee may choose not to do. Unlike the pretrial detainee in *Murray, supra,* appellant actually performed his obligations under the agreement.[2] Even if the illegal agreement did not result in actual prejudice when measured by Article 13, UCMJ standards, it is a practice that cannot be condoned. In a line of decisions too well known to require recitation here, it consistently has been held that the government must abide by its own regulations. This cardinal rule, coupled with traditional equitable principles, prompts us to conclude that the conditions of appellant's pretrial confinement, although not violative of Article 13, were just as illegal as the involuntary waiver from which they derived. We hold, therefore, that the military judge erred in denying the defense motion for appropriate relief. We will remedy this error in our action on the sentence.

■ The government's brief is silent on the issue raised by the second prong of the assignment. In view of our disposition of appellant's threshold contention, we need not dwell on his alternative premise. It suffices merely to note that the settled law of this Court is that there is no requirement for sentencing authorities to grant day-for-day credit for time spent in lawful pretrial confinement in consonance with 18 U.S.C. § 3568. *Hart v. Kurth,* 5 M.J. 932 (N.C.M.R.1978).

■ As for the second assignment of error, we concur with the staff judge advocate's advice to the supervisory authority that the military judge improperly denied the trial defense counsel's motion to strike the entire testimony of Petty Officer Huffman, based upon MIL.R.EVID. 301(f)(2). *See United States v. Richardson,* 15 M.J. 41, 46 (C.M.A.1983); *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977). We will not, however, grant the requested relief of dismissal of the charge because of the other overwhelming evidence of record that establishes appellant's guilt of transfer and sale of cocaine beyond a reasonable doubt. *See Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1972).

■ We find appellant's third assignment to be meritorious in part. We agree that it was error not to follow the procedures specified in paragraph 84c, *Manual for Courts-Martial, 1969 (Rev.). United States v. Walker,* 7 M.J. 976 (N.C.M.R.1979). Unlike the Court in *Walker,* however, we

---

1. Appellate government counsel argues this point strenuously in his brief. Although we decline to assay the numerous contentions advanced, we do pause to express our opinion that this concern is misplaced. Article 13, UCMJ, is not the focus of the waiver before us. The document provides for the waiver of certain administrative restrictions on the employment of pretrial detainees in non-punitive work activities. These restrictions derive from SEC-NAVINST 1640.9, not Article 13. Even if appellant had voluntarily signed a properly drafted waiver, for example, he would not have been barred from asserting at trial that he had been subjected to punishment. Finally, we note our belief that the issue pressed by the government in this instance is not likely to become ripe for review, at least in the naval service. The Secretary's unambiguous policy respecting treatment of detainees, as presently expressed, emphatically prohibits infringement of Article 13 rights under any circumstances.

2. We believe this distinction to be the basis of this Court's decision to grant relief for illegal pretrial confinement in *United States v. Beck,* No. 83–2139 (N.M.C.M.R. 11 October 1983).

find no apparent prejudice to appellant's substantial rights. Moreover, in view of the corrective action we are taking with respect to the sentence, we perceive no benefit to be derived from returning the record for action by the deployed convening authority. Accordingly, the assignment is rejected.

 Appellant's fourth assignment of error is without merit. The military judge, sitting alone, is presumed to have recognized that the correlative specifications were multiplicious for sentencing purposes. *United States v. Worline,* 50 C.M.R. 47 (N.C.M.R.1974). The pleadings in question properly allow for contingencies of proof and are not multiplicious for findings purposes. Moreover, when the adjudged sentence is compared with the maximum permissible punishment authorized for these offenses, it is clear that appellant has suffered no prejudice. *See United States v. Hendrickson,* 16 M.J. 62 (C.M.A.1983). The relief requested by appellant, even if warranted, should not be granted at this stage of appellate review. *United States v. Dobzynski,* No. 82–3620 (N.M.C.M.R. 24 February 1983). Finally, we deem the issue to have been waived by the defense's failure to request dismissal at trial.

In view of our conclusion regarding the first assigned error, appellant is entitled to credit for 33 days of illegal pretrial confinement served from 13 December 1982, the date he executed the waiver, until 14 January 1983. Since the adjudged confinement at hard labor has already been served, we will reassess the remaining portions of the sentence. In so doing, we note that during the sentencing stage of the trial appellant advised the military judge that he did not desire to remain in the Marine Corps.

Accordingly, the findings and only so much of the sentence as provides for confinement at hard labor for 12 days, forfeiture of $200.00 pay per month for 3 months, and a bad-conduct discharge are approved. All rights, privileges, and property of which appellant may have been deprived by virtue of the portion of the sentence so disapproved will be restored.

Senior Judge GORMLEY and Judge KERCHEVAL concur.