**UNITED STATES, Appellee,**

v.

**Private First Class Scot H. PEACOCK, 530–62–5667, United States Army, Appellant.**

**CM 443866.**

U.S. Army Court of Military Review.

31 Jan. 1985.

Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Robert S. Johnson, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Thomas J. Leclair, JAGC, Captain Robert C. Erickson, Jr., JAGC, and Captain Jan M. Wamsted, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

WERNER, Judge:

Contrary to his pleas, appellant was convicted of being absent without leave, assaulting a superior commissioned officer, escaping from lawful custody, wrongfully communicating a threat and wrongfully possessing marijuana in violation of Articles 86, 90, 95 and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 886, 890, 895 and 934 (1982). His approved sentence provides for a dishonorable discharge, confinement at hard labor for one year and nine months, total forfeitures and reduction to Private E-1. In our earlier review of this case, we set aside the specification of wrongful possession of marijuana but otherwise affirmed the findings and only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The case is again before us as a result of a remand order from the United States Court of Military Appeals requiring that we make findings of fact and conclusions of law as to the issue of whether appellant was treated as a sentenced prisoner while in pretrial confinement. 19 M.J. 11.

I

At a preliminary hearing held on 11 January 1983, appellant's defense counsel requested a continuance until 24 January 1983. After ascertaining that appellant had been held in pretrial confinement since 7 October 1982 (96 days), the military judge asked him if he agreed with his counsel's request. Appellant said that he did even though it meant extending his pretrial confinement an additional thirteen days. Moreover, appellant did not protest the conditions of his confinement either at the preliminary hearing or during his trial. Nor did he complain to anyone in authority that his pretrial confinement was improper until nine months after trial when, in connection with his appeal to the Court of Military Appeals, he filed an affidavit alleging he was compelled to work and live as a sentenced prisoner. Specifically, appellant avers:

On 8 October 1983, [sic][1] I, Scot H. Peacock, was inprocessed into IDF Ft Lewis, WA. Documents were given to me to sign for releases. One document in particular (I was told) was for a waiver to live and work with sentenced prisoners. I was told by SP4 Mareble that if I did not sign this form I would be kept in the Maximum Security Block until my trial. This would have been total separation from all prisoners and also a lack of privileges to me. I then signed the document to be able to receive full privileges,

---

1. The appellant's affidavit says he was confined on 8 October 1983, when it really should say 1982.

but I was not wanting to sign the paper. Following this I was placed with sentenced prisoners and worked with them daily.

The Government has not filed a countervailing affidavit nor has it submitted any other evidence to rebut the accuracy of appellant's affidavit. Instead, it asserts that appellant waived appellate consideration of the issue by not raising it at trial. We disagree with this assertion.

## II

■■■ Generally, allegations of improprieties involving pretrial confinement may not be raised for the first time on appeal. *United States v. Martinez*, 19 M.J. 744 (A.C.M.R.1984).[2] However, both the United States Court of Military Appeals and this Court have held that "Imposition of punishment in violation of Article 13, Code, ... 10 USC § 813, can, ... assume such serious proportions as to justify post-trial consideration." *United States v. Johnson*, 41 C.M.R. 49, 50 (C.M.A.1969); *United States v. Franklin*, 41 C.M.R. 431 (A.C.M. R.1969). We find that the circumstances of the instant case evince a sufficiently serious violation of Article 13, UCMJ, 10 U.S.C. § 813, to warrant our first-time consideration of appellant's assignment of error. In any event, the fact that the United States Court of Military Appeals has ordered us to reconsider this issue leaves us little choice in the matter.

## III

■■■ Having determined that we may review the appellant's contention, the issues before us are whether appellant was in fact deprived of Article 13 rights and, if

so, what remedy is appropriate. As to the first, we hold that appellant was so deprived. Article 13 provides that "no person, while being held for trial ... may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence." Compelling a pretrial confinee to live and work with sentenced prisoners is, in the absence of justifiable circumstances, violative of the statute. *United States v. Bayhand*, 21 C.M.R. 84 (C.M.A.1956). Although personalized treatment of all pretrial confinees is not required, some reasonable effort should be made to accommodate their needs and to meet the conditions imposed by law. *Id.* at 94.

The unrebutted evidence indicates that, as a pretrial confinee for over three and one-half months, appellant was compelled to live and work with sentenced prisoners. Besides suffering the stigma that may attach to such status, appellant also faced deprivation of certain privileges. According to his affidavit, appellant was compelled to sign a form purporting to waive his right to separate treatment because he was threatened with having to live in more onerous conditions than if he had chosen to live apart from sentenced prisoners. Appellant's affidavit, albeit self-serving, is nevertheless cogent, credible, and sufficient to shift the burden of disproving its content to the Government "beyond the point of equipoise or 'inconclusiveness'." *United States v. Cordova*, 42 C.M.R. 466, 468 (A.C.M.R.1970). After being given the opportunity to do so, the Government did not meet its evidentiary burden.[3] Accord-

2. *Accord, United States v. Gambini*, 10 M.J. 618 (A.F.C.M.R.1980), *findings affirmed, sentence rev'd on other grounds*, 13 M.J. 423 (C.M.A. 1982); *United States v. Blacquiere*, 9 M.J. 712 (A.F.C.M.R.), *pet. denied*, 9 M.J. 177 (C.M.A. 1980).

3. Under the circumstances of this case, the Government would have had to show that appellant's allegation of having been commingled with sentenced prisoners was not true or harmless or pursuant to a valid waiver of the right to

be segregated. For example, in *United States v. Murray*, 16 M.J. 914 (NMCMR 1983), unlike this case, the Government was able to rebut the appellant's contention by showing that the commingling of appellant with sentenced prisoners was not punitive and not prejudicial. Additionally, there is authority to support the argument that a pretrial confinee may waive the right of segregation by voluntarily executing a waiver form in compliance with Army regulations. *United States v. McManus*, CM 442924 (A.C.M.R.

ingly, the only question remaining is how may we remedy the impropriety.

In this regard, we recognize that dismissal of charges is inappropriate. Still we must search for an "effective" remedy. *United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983). Under the circumstances, sentence reassessment is warranted. *United States v. Bruce*, 17 M.J. 1083 (A.F.C.M.R. 1984). Considering the record as a whole, including the fact that the military judge and convening authority considered appellant's pretrial confinement in arriving at an appropriate sentence, and that appellant has already served his confinement, we will reassess by changing the character of his discharge.

The findings of guilty, as modified, are affirmed. Only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for eighteen months, total forfeitures, and reduction to Private E–1, is affirmed.

Senior Judge MARDEN and Judge PAULEY concur.

---

12 Aug. 1983) (unpub.), *aff'd,* 17 M.J. 409 (C.M.A.1984) (summary disposition). Indeed, Army Regulation 190–47, Change 1, paragraph 4–6*d* (1980), provided for such waiver although its viability in the face of the proscriptive language of Article 13 is subject to question. *See United States v. Bruce,* 14 M.J. 254 (C.M.A.1982). However, we need not resolve that question here since the Government failed to dispute appellant's statement that his "waiver" was coerced.