UNITED STATES, Appellee,

v.

Private (E–1) Gordon S. HUELSKAMP,
497–82–5226, United States
Army, Appellant.

No. CM 446652.

U.S. Army Court of Military Review.

30 Sept. 1985.

For appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, Captain Lorraine Lee, JAGC (on brief); Lieutenant Colonel William P. Heaston, JAGC, Captain Robert S. Johnson, Jr., JAGC.

For appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, Captain Frederick A. Johnson, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Appellant was convicted of absence without leave (AWOL) and larceny, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921 (1982) [hereinafter cited as UCMJ], respectively. He received an approved sentence of a bad-conduct discharge, confinement for 20 months, and forfeiture of $397.00 pay per month for 20 months.

■ Appellant asserts that he was entitled to administrative credit for the 15 days that he spent in pretrial confinement in a civilian jail under the direction of military authorities, pending his return to his unit from AWOL status. We find that appellant, in fact, served a total of 15 days in civilian confinement prior to his trial, at the request of and solely to facilitate the ad-

ministrative needs of military AWOL apprehension authorities. We, therefore, conclude that this period of incarceration constitutes pretrial confinement for purposes of qualifying for administrative credit under *United States v. Allen,* 17 M.J. 126 (C.M.A.1984).[1,2]

■ Appellant also asserts that he is entitled to a 45-day credit for the period of time he spent in pretrial restriction that he claims was tantamount to confinement. This assertion is without merit. We have examined the facts carefully using the totality of the circumstances test of *United States v. Smith,* 20 M.J. 528, 530 (A.C.M.R. 1985), and we conclude that appellant's restraint was not tantamount to confinement.[3] *Cf., Washington v. Greenwald,* 20 M.J. 699 (A.C.M.R.1985), *writ-appeal pet. denied,* 20 M.J. 324 (C.M.A.1985).

■ Appellant also asserts that the assignment of extra duty as a condition of his 45-day pretrial restriction constituted illegal pretrial punishment in violation of Article 13, UCMJ. As we have already noted, appellant was given fatigue duties to perform during his period of pretrial restriction. Whether the imposition of fatigue duties is done for purposes of punishment,[4] or for some other reason, is a question which must be resolved on a case by case basis. *United States v. Bayhand,* 21 C.M.R. 84 (C.M.A.1956). In this case we cannot determine what the commander's primary motive was in imposing these fatigue duties; therefore, we will resolve this issue in favor of appellant. Nevertheless, we find that the nature of the pretrial punishment in this case was not of "serious proportions" within the meaning of *United States v. Peacock,* 19 M.J. 909 (A.C.M.R. 1985), *pet. denied,* 20 M.J. 205 (C.M.A. 1985). Accordingly, we need not determine whether the commander's conduct violated Article 13, UCMJ, because this issue was raised for the first time on appeal, and is, thus, waived. *United States v. Cruz,* 20 M.J. 873 (A.C.M.R.1985) (en banc); *United States v. Martinez,* 19 M.J. 744, 747 (A.C.M.R.1984), *pet. denied,* 21 M.J. 27 (C.M.A. 1985), and cases cited therein.

1. Compare this result with that portion of the text of Parole Commission Rules and Regulations, Rule 2.10(a), cited with emphasis in *United States v. Allen,* 17 M.J. at 128 ("Provided, however, that any such person shall be allowed credit ... for any days spent in custody in connection with the offense or acts for which sentence was imposed."). Moreover, the decision we reach "provides a certainty that is now lacking in the treatment of pretrial confinement." *United States v. Allen,* 17 M.J. at 129 (Everett, J., concurring).

2. We need not resolve whether this incarceration also constituted pretrial confinement within the meaning of Rules for Courts-Martial (RCM) 305. *See generally, United States v. Ellsey,* 37 C.M.R. 75 (C.M.A.1966); RCM 304(b)(2) and (3); RCM 305(d), Discussion; Manual for Courts-Martial, App. 21, part II, RCM 305.

3. We find that, during the period in question, appellant was lawfully confined to his company area and was required to sign in hourly with the charge of quarters between 1630 and 2200 hours during weekdays and between 0800 and 2200 hours on weekends. However, we find that neither the scope of appellant's restriction nor his hourly sign-in requirement was strictly enforced. In fact, appellant was allowed to attend movies and sporting events during his restriction, and he was, on occasion, allowed to maintain, without supervision, the company softball field. This field was located two miles from the company area. Appellant was relieved from his normal duties in the office of the Adjutant General and given work as a duty soldier in the company. He worked, as did other members of the unit during that time period, seven days a week. Appellant never worked continuously during the day, although he did often work until 2200 hours both on weekdays and weekends. Appellant was not placed on extra duty; however, the nature of work he was required to perform constituted "fatigue" work, that is, "manual or menial work performed by military personnel." Webster's New Collegiate Dictionary 452 (9th ed. 1984). The type of work which appellant was assigned varied from complete inactivity to running errands and doing yard work. We also find that appellant's right of privacy was not substantially impaired when compared to that restraint on privacy normally existing in the usual situations of pretrial confinement.

4. We will especially scrutinize the circumstances surrounding any imposition of fatigue duties after normal unit duty hours.

Appellant's other assignments of error are without merit.

The findings of guilty are affirmed.

Reassessing the sentence on our own motion,[5] and in light of the above facts and the entire record, only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for 19 months, and forfeiture of $397.00 pay per month for 20 months.

Appellant also will be granted an additional 15-day credit against his sentence to confinement.

Judge CARMICHAEL and Judge ROBBLEE concur.

---

5. In view of the nature of appellant's pretrial restriction, together with the fact that appellant's commander imposed fatigue duties upon appellant, at least in part, for the purposes of punishment, we will reassess the sentence. *Cf.,* *United States v. Davis,* 20 M.J. 980, 981 (A.C.M.R.1985) (notwithstanding waiver, Army Court of Military Review could consider co-actor's highly disparate sentence when reviewing appellant's case for sentence appropriateness).